Welch, J.
The principal questions argued by counsel have not yet arisen in the case, and we can not properly go beyond the present pleadings to anticipate them. Whether the demurrer to the answers is well taken seems to be the only question legitimately before us, and we decide this, without hesitation, in the negative. It is not necessary that an answer to a petition seeking equitable relief should sot up a complete defense to the action. It is enough that it deny, or confess and avoid, some material part of the plaintiff’s case, so as to modify or abridge his right to relief; or if counter-relief is asked, that it shows a right in the defendant to such counter-relief. Where, as in the present case, such an answer does not profess to be, or is not from its nature necessarily pleaded as a bar to the action, a demurrer to it raises no question of its sufficiency as such. The answer in such a case is more like the old answer in chancery than it is like the common-law plea in bar, or the plea to a bill in equity. A demurrer to an answer was never allowed in chancery practice, if indeed it was ever heard of. The remedy in case of insufficient answer, was by motion to strike it from the files, or to take the bill as confessed notwithstanding the answer. The only question upon such a motion was, whether the answer was pertinent and material to the case. An answer in such cases is always pertinent and material when, in the language of the court in Van Ransselaer v. Price, 4 Paige’s Ch. 174, “it can have any influence whatever in the decision of the suit, either as to the subject-matter of the controversy, the particular relief to be given, or the 492] costs.” *See also Lube’s Eq. Pl. 178; Mitf. Eq. Pl. 249; Van Santvoord’s Pl. (2 ed.) 460, 461, 472, 705. Tried by these rules, it is hardly necessary to say, the answers in question are sufficient, and the cause must be heard upon the facts .they disclose as well as upon the petition, unless those facts are controverted by a reply. *493 We take for granted that leave will be asked .to file such a reply,, as we see by the record this was the course pursued in the common pleas. The demurrer will therefore be overruled, and leave will bogiven to reply if desired.
Day, C. J., and Brinkerhoff, Scott, and White JJ., concurred.